NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re MSN LABORATORIES PRIVATE LTD.,**
*Petitioner*

---

2024-112

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia in No. 1:23-cv-01675-CMH-WEF, Senior Judge Claude M. Hilton.

---

**ON PETITION**

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

## O R D E R

MSN Laboratories Private Ltd. ("MSN") "requests a writ of mandamus reversing or vacating the U.S. District Court for the Eastern District of Virginia's January 12, 2024 Order transferring this action to the District of Delaware."  ECF No. 2-1 at 11.  We deny the petition.

On December 8, 2023, MSN brought the present action against Bioprojet Société Civile de Recherche ("Bioprojet") in the Eastern District of Virginia seeking a declaration of non-infringement and/or invalidity of claims of U.S. Patent

Nos. 8,207,197; 8,354,430; and 8,486,947, following the filing of MSN's Abbreviated New Drug Application ("ANDA"). The next day, Bioprojet sued MSN in the District of Delaware for infringing claims of those patents.

Bioprojet then moved under 28 U.S.C. § 1404(a) to transfer MSN's action from Virginia to Delaware, which the district court granted after a hearing on the motion. Noting Bioprojet's earlier-filed "litigation pending in Delaware" against six other ANDA filers involving the same patents, the court found that there would be "a lot of duplicative work if this case stays" in Virginia and that it would be inefficient to have "the same issue[s] being tried in two different courts and two different districts." Appx 26. MSN then filed this petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1) and 1651.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Thus, a petitioner must show that: (1) it has a clear and indisputable right to relief; (2) it does not have any other adequate method of obtaining relief; and (3) the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). MSN's petition has not met that standard. Here, the district court plausibly concluded that judicial economy considerations favor transfer based on the earlier-filed, related cases in Delaware. MSN touts the convenience of its chosen forum, but it points to only a single potential witness in the Eastern District of Virginia, which is home to neither party. Under the circumstances, MSN has not shown a clear and indisputable right to disturb the district court's transfer ruling.

Accordingly,

IN RE MSN LABORATORIES PRIVATE LTD.                              3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 20, 2024
Date